Alfred J. WALTON and Carol Jean Walton, his wife, Appellants (Respondents),

v.

Dennis C. DANA and Joan Dana, his wife, Appellees (Petitioners).

No. 5216.

Supreme Court of Wyoming.

April 10, 1980.

---

Gerald L. Goulding, Afton, signed the brief and appeared in oral argument for appellants.

Duane E. Thomas, Lake City, Fla., signed the brief for appellees. Glenn Parker of Hirst & Applegate, P. C., Cheyenne, appeared in oral argument.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The appellees (Danas) pursuant to § 24–9–101, W.S.1977, petitioned the Board of County Commissioners of Lincoln County for establishment of a private road across lands owned by appellants (Waltons). The commissioners denied the petition. On appeal, the district court reversed the decision and order of the county commissioners and directed that a road be established for the Danas across the land of the Waltons.

The issues as presented by the Waltons are:

"1. Did the Appellees meet their burden of proof before the Board of County Commissioners to show 'necessity' as required by § 24–9–101, Wyo.Stat.1977, in order to have the Appellants' land condemned for a private road of necessity for the benefit of the Appellees?

"2. Is the land owned by the Appellees 'so situated that it has no access to nor connection with a public road'?

"3. Is the common law doctrine of implied easement by necessity a factor to be considered in determining whether a parcel of land has no access to nor connection with a public road?"

We will affirm the district court.

The Danas acquired their 3.75 acre tract of land by gift from Dennis Dana's parents who retained land bordering that which was conveyed, which land has frontage on the Muddy String Road, which road is approximately one and one-half miles from the land of the Danas. The road which the Danas sought to establish crosses the Waltons' land for a distance of about one-quarter mile and connects with U. S. Highway 89. The Waltons refused access. No road exists from the Danas' land across that of their grantors. The road the Danas wished to establish already was in existence and had been used in the past by their predecessors in possession.

The petition filed with the county commissioners does not furnish a precise description of the road it seeks but does allege that it presently exists and proceeds east along the northern boundary of appellants' land. According to the testimony of Dennis C. Dana, one of the petitioners, any road across the land of their grantors would be impractical and the cost prohibitive because there is too much swamp and in addition it is cut off by "the East Side Canal." He had discussed with his father a road across his parents' land but no agreement in that regard had been reached because it was never considered feasible on account of the swampy condition, as well as the canal. There was no evidence presented to the county commissioners other than the testimony of Dennis C. Dana with an aerial photograph as an exhibit to explain the lay of the land and the road location. The Waltons did not appear personally but were represented by counsel at the hearing.

The county commissioners in their decision and order found that the Danas owned the 3.75 acres; the Waltons owned the land over which the Danas sought a road for access to U. S. Highway 89 and had given no permission to the Danas to cross their

land to that public road; Danas' grantors had land between that of the Danas and the Muddy String County Road; and,

"6. A road can be built on Lafe Dana's [father of appellee Dennis Dana] and to give access to the Danas' land from the Muddy String County Road.

"7. Petitioners may have access to their real property across their grantors property from the Muddy String Road which is a public road and therefore not so situated that it has no outlet to, nor connection with a public road.

"8. That the Petitioners' grantors still own the property to the East of the Petitioners' property which is bounded by the Muddy String Road."

The argument of counsel for the Waltons and the conclusions of law reached by the county commissioners clearly indicate that the road was denied for the reason that the Danas have a common law way of necessity. The commissioners concluded as a matter of law:

"3. If the land granted is partly surrounded by that of the Grantor and partly by that of strangers, a right-of-way over the grantors' remaining land exists by necessity.

"4. Whenever a grantor conveys away a part of his property, he conveys with it whatever is necessary for the beneficial use of the land he conveys, including a way of ingress and egress over his remaining land if not otherwise available. The way is presumed to have been intended by the parties.

"5. While it is not a condition precedent to this proceeding that the Petitioners first enforce their common law way of necessity; the existence or non-existence of the availability of a common law implied easement or way of necessity is a factor which may be considered in determining if the private road sought to be condemned is necessary.

\*       \*       \*       \*       \*       \*

"7. Article I, Section 32 of the Wyoming Constitution does not abolish the common law concept of an implied easement of ingress and egress over the grantor's remaining land if access is not otherwise available nor does the case of *Snell v. Ruppert*, 541 P.2d 1042 (Wyo. 1975) foreclose the possibility that a common law way of necessity can be imposed in a proper case.

"8. The Petitioners have the burden of showing a 'necessity' for the establishment of a private way of necessity. The Petitioners have failed to meet that burden."

Whether to pursue their right to claim a common law way of necessity or proceed for establishment of a private road over the lands of a stranger is a choice which rests exclusively with the petitioners. There is no requirement in § 24–9–101, W.S.1977, that a petitioner for a private road must overcome every obstacle standing in his way, regardless of the expense and impracticability if he has a common law way of necessity which he can claim.[1] In the very recent case of *McGuire v. McGuire,* Wyo. 1980, 608 P.2d 1278 we held that § 24–9–101 must be given a sensible construction and that we will not nullify its operation if it is susceptible of another interpretation. The county commissioners cannot compel the petitioners to pursue any claim to a common law way of necessity.

We point out that the language of § 24–9–101, W.S.1977, that "[a]ny person whose land shall be so situated that it has no outlet to, nor connection with a public road, may make application in writing \*   \* for a private road leading from his premises to some *convenient* public road.   \*   \*   \* " The evidence is undisputed that the Danas have no presently existing "outlet to, nor

---

1. The Waltons and the county commissioners misunderstand footnote 4, *Snell v. Ruppert*, Wyo.1975, 541 P.2d 1042 at 1046. That statement only observes that an isolated landowner may possibly pursue and establish a common law way of necessity if *he* "chooses that course." In *McGuire v. McGuire, infra,* we held that "no outlet to, nor connection with a public road," § 24–9–101, W.S.1977, means no legally enforceable, existing outlet to nor connection with a public road; but that must be read with the other provisions of the statute.

connection with a public road." In *McGuire*, we held such facts to establish necessity as a matter of law. There is presently a road connecting the Dana land with U. S. Highway 89 but they have no enforceable right to its use; so that road, therefore, cannot be considered as an outlet. There is no "convenient" way across the grantors' land because of swamps and a canal. The distance to the Muddy String Road of one and one-half miles, as compared to a distance of only one-quarter of a mile to U. S. Highway 89 is a further measure of convenience. The facts of this case speak for themselves in the matter of convenience.

In *Snell v. Ruppert*, Wyo.1975, 541 P.2d 1042, we plainly held that it is not a condition precedent to proceeding under § 24–9–101, W.S.1977, that a landlocked owner must first proceed to enforce and proceed under any common law way of necessity he may have. It was also pointed out in *Snell* that § 24–9–101 offers complete relief to the landowner who has no outlet from his land.

We, therefore, conclude and hold that the Danas have met their burden of proof and have shown necessity in that they have no presently existing access to nor connection with a public road and that the availability of a common law way of necessity is not a factor to be considered.

Affirmed.

ROONEY, Justice, dissenting with whom McCLINTOCK, Justice, joins.

I dissent for the reasons set forth in my dissent to *McGuire v. McGuire*, Wyo., 608 P.2d 1278.

Until either (1) the legislature repeals §§ 24–9–101 through 24–9–103, W.S.1977 (the statutes under which this action was brought) or, (2) we acknowledge our error in not enforcing the supersedure of these statutes by Rule 71.1, W.R.C.P., the courts and parties will be "hamstrung" as they attempt to administer and receive justice under these unwieldy and inconsistent statutes. Until such is done, the statutes engender uncertainty and conflict, and court dockets will reflect prolongation of litigation and increase in appeals.

I would remand the case with direction to vacate both the order appealed from and the decision of the Board of County Commissioners without prejudice to institute proper proceedings under Rule 71.1 for the purpose of obtaining an alleged private way of necessity.