**STATE TRANSPORTATION COMMISSION OF WYOMING, Appellant (Defendant),**

v.

**Vince FORD, d/b/a Quality Signs, Appellee (Plaintiff).**

No. 92–51.

Supreme Court of Wyoming.

Dec. 30, 1992.

Joseph B. Meyer, Atty. Gen.; Michael L. Hubbard, Senior Asst. Atty. Gen.; and Sleeter C. Dover, Asst. Atty. Gen., for appellant.

George A. Clarke, Lusk, and George Santini of Graves, Santini & Villemez, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

This is an appeal from the district court's order reversing the actions taken by the State Transportation Commission of Wyoming.

We vacate the district court's order and remand.

Vince Ford, who conducted his business under the name of Quality Signs, poses this issue:

> Absent a showing to the contrary, does use of separate personnel from the office of the Attorney General as prosecutor and hearing officer in administrative contested cases result in a per se biased hearing tribunal?

On June 12 and 13, 1991, the Department of Transportation (formerly the State Highway Department) issued written notices to Mr. Ford, apprising him that he had installed four outdoor advertising signs without obtaining an advertising permit. Wyo.Stat. § 24–10–107 (1977). The notices also informed him that he would have to obtain a permit or the Department would remove the signs. Wyo.Stat. § 24–10–109 (Supp. 1992). They advised him that he could request a hearing before the Commission within fifteen days. Section 24–10–109(b). Mr. Ford requested a hearing, and it was scheduled for three o'clock in the afternoon on August 14, 1991. The hearing notice stated that the hearing would be held before the Commission and that Lawrence A. Bobbitt III, Senior Assistant Attorney General, would act as the hearing officer. It also stated that time constraints required that Mr. Ford's presentation be succinct and limited to the signs at issue. The notice did not specifically limit the time allowed for presentation of evidence other than indicating the time the hearing would begin. Mr. Ford sent the following correspondence to the Department:

> This is to formally enter the following objections to the matters as stated in your letter of July 24, 1991.
>
> 1. I object to Larry Bobbitt acting as Hearing Officer when he is also the attorney representing the Highway Commission.
>
> 2. I strenuously object to the time of day and the length of time as stated in your letter.
>
> 3. I specifically requested that the hearing be held before the full commission itself and I repeat that demand. I want the [c]ommission to be informed first hand as to what has transpired on these four signs.
>
> 4. I specifically requested that I be given one and one-half (1½) days in order that I may fully and properly outline my case. Any less will not give me due process. I again demand that the matter be heard by the full commission itself.
>
> Let me inform you that, if these conditions are not met, I will proceed on the assumption that the signs are legal, which they certainly are.

By return correspondence, Mr. Ford was informed that Larry Donovan, Senior Assistant Attorney General, would act as the hearing officer instead of Mr. Bobbitt. The hearing was held as scheduled but Mr. Ford did not appear. The hearing was called to order by the Commission's chairman with five members being present. Mr. Donovan was the hearing officer, and Milo Vukelich, Assistant Attorney General, acted as the prosecutor for the Department. As disclosed by the transcript of the hearing, the Department presented its evidence, and, since Mr. Ford made no appearance, the hearing was closed.

On September 11, 1991, the Commission issued findings of fact and conclusions of law which found that the signs were unlawful and ordered that the signs be removed within thirty days or they would be removed by the Department. On September 25, 1991, Mr. Ford filed a petition for review in the district court. The district court reversed the Commission on the basis that members of the Attorney General's staff could not serve as both the prosecutor and the "Administrative Hearing Officer." The Commission contends that the procedures used at its hearing comported with due process and seeks review of the district court's order.

█ The district court was correct in its ruling to the extent that it stated that

the strictures of due process require a fair hearing before a forum which is free from bias and prejudice. *Armed Forces Cooperative Insuring Association v. Department of Insurance*, 622 P.2d 1318, 1326–27 (Wyo.1981). In *Armed Forces Cooperative Insuring Association*, we held that the appellant had the burden to prove impropriety on the part of the hearing body. *Id.* at 1327. *See also Ririe v. Board of Trustees of School District No. One, Crook County, Wyoming*, 674 P.2d 214 (Wyo.1983). Since Mr. Ford did not appear at the hearing, he did not make any effort to test the impartiality of the hearing body. Absent anything in the record to the contrary, we can conclude only that the Commission acted impartially.

While we are not troubled with the conclusion that Mr. Ford failed to demonstrate bias or prejudice which required reversal, we do perceive the Attorney General's multiple roles in this hearing process as being problematic. The Attorney General is obligated to provide agencies with such services "as may be necessary in order for the agency to properly investigate, prepare, present and prosecute the contested case before the agency." Wyo.Stat. § 16–3–112(c) (1990). Wyo.Stat. § 16–3–112(e) (1990) authorizes an "independent administrative hearing officer" in certain circumstances, but Wyo.Stat. § 16–3–107(k) (1990) contains this prohibition:

> Any person representing an agency at a hearing in a contested case in which the agency is a party shall not in the same case serve as presiding officer or provide ex parte advice regarding the case to the presiding officer or to the body or any member of the body comprising the decision makers.

In this case, the Commission chairman was the presiding officer. *See* Wyo.Stat. § 16–3–112 (1990). The Attorney General did not purport to act as the presiding officer but, rather, acted as a hearing officer or hearing advisor. The record also demonstrates that the Commission reached its decision on the basis of the evidence presented to it. Absent an on-the-record demonstration of prejudice of some sort or that the Attorney General provided ex parte advice to the presiding officer or the Commission, we are compelled to hold that the hearing conducted by the Commission was not fatally flawed, per se, by the use of the Attorney General's personnel in the capacities of prosecutor and hearing officer under the circumstances of this case.

The appearance of impropriety, or certainly the occasion for concern, exists if the Attorney General prepares the case for an agency and then also has a pipeline to the hearing body by serving as the hearing officer or hearing advisor. *See* Wyo.Stat. § 16–3–111 (1990). The Legislature recently created the office of administrative hearings, and that should serve to relieve the concerns we have expressed above, as well as the need, or the perceived need, for the Attorney General to perform the functions of the hearing officer or hearing advisor. *See* Wyo.Stat. §§ 9–2–2201 to –2203 (Supp. 1992).

The district court's order is vacated, and the matter is remanded to the district court with directions that an order be entered affirming the Commission's decision.

URBIGKIT, Justice, concurring, in which GOLDEN, Justice, joins.

I concur in the decision of the court, but write further to explain that I would have decided this appeal based on a somewhat different analysis. The majority determines that a reversal cannot be secured because the record fails to establish any issue of impartiality. My concern with that approach is that the essential issue is a factual matter of the record. The office of the Attorney General provided both the prosecutor and the "independent administrative hearing officer."

I would affirm the decision on the basis of waiver by the appellee. The hearing was regularly scheduled before the State Transportation Commission of Wyoming. Appropriate notice was given to appellee of the time and place. I would conclude that the appellee either had to appear at that hearing to make his objection known at that time regarding the status of the inde-

pendent hearing officer or, by failing to appear, he waived the objection.

The principle I espouse is that advance notice of a challenge to impartiality is appropriate and certainly desirable, but the formal ruling must be made by the deciding commission. Consequently, the contestant is required to appear at a scheduled hearing addressing objection on the record. Otherwise, in failing to appear when the challenge can be properly presented and decided, the right to require a decision on the challenge is waived.

I reach the same point of departure as does the majority in its analysis of failure of proof, but mine is emplaced in waiver since the essential status from which the challenge was made results from uncontested facts found in this record. Consequently, I agree with the majority in its decision on the issues presented, except I apply a waiver impedance to the right of appellee to secure a reversal of the action of the commission. *Armed Forces Co-op. Insuring Ass'n v. Department of Insurance*, 622 P.2d 1318, 1327 (Wyo.1980); *Board of Trustees, Laramie County School Dist. No. 1 v. Spiegel*, 549 P.2d 1161 (Wyo.1976). *See also Gold v. Board of County Com'rs of Teton County*, 658 P.2d 690, 696 (Wyo.1983).

CARDINE, Justice, dissenting.

This must indeed have been a strange administrative agency hearing. There was a prosecutor from the attorney general's office, a hearing officer from the attorney general's office, a presiding officer from the commission, and the commission which was the fact finding and decision-making body. One wonders how the hearing officer and the presiding officer functioned— where did they sit, who ruled on evidentiary and testimonial questions and on procedure.

The hearing, likened to a jury trial, was that the prosecutor was an attorney general; the presiding judge was an attorney general; the jury was the commission. The essence of the court's decision is that as long as the members of the commission do not also come from the office of the attorney general, the hearing satisfies due process and all other constitutional guarantees to a fair hearing. With this I cannot agree.

I discern the issue to be not whether there was a waiver or whether the presiding officer and the commission were impartial, but whether both the prosecutor and hearing officer can be the same person, *i.e.*, from the same state agency. I would hold they cannot be the same. I do not believe appellant must appear at a hearing before an officer who is not authorized to conduct the hearing, nor must he establish the bias or prejudice of an officer not allowed to conduct the hearing. Had appellant appeared at the hearing, he would have established no more than what is now in the record before us—that is, that the attorney general acted both as prosecutor and hearing officer (at least quasi-judge). Had appellant appeared at the hearing and been unable to show that the hearing officer was partial, biased, or prejudiced, I still would not allow a hearing in which the attorney general acted as both prosecutor and judge. This for the same reason that we do not allow the prosecutor and judge in our court system to be the same person or even from the same branch of government. Thus, the prosecutor is in the executive branch and the judge in the judicial branch.

My writing here does not portend much for the future of law since, as the court points out, the establishment of the office of independent hearing examiner will avoid this problem arising in the future. However, I felt it necessary to express my views which differ from those of the court as stated in the court's opinion. I, therefore, dissent.