In the Matter of the Petition of Forest B. DUNNING for the Establishment of a Private Road,

Peter Kiewit Sons' Co., Appellant (Petitioner),

v.

Sheridan County Board of Commissioners, Appellee (Respondent), and Forest B. Dunning, Appellee (Respondent).

No. 98–238.

Supreme Court of Wyoming.

June 10, 1999.

Hayden F. Heaphy Jr. and Debra J. Wendtland, Sheridan, WY., Representing Appellant:

Forest B. Dunning: Timothy S. Tarver, Sheridan, WY., Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

This appeal results from an order of the Sheridan County Board of Commissioners

(the Board) establishing a private road in Sheridan County. The preliminary issue in this case is whether, in the absence of any appearance in the proceedings below, Peter Kiewit Sons' Co. (Kiewit) may appeal the adequacy of the damages awarded to Kiewit by the Board. If so, Kiewit contends that this Court must remand this case to the Board because the order failed to present separate findings of fact and conclusions of law. Kiewit further maintains that the record contains no evidence supporting the damages awarded, and therefore, on remand the Board must conduct an evidentiary hearing. Because Kiewit failed to establish a record that it is an aggrieved party, we dismiss.

## ISSUES

Kiewit presents the following issues for review:

1. Is the Commission's Order: arbitrary and capricious; without observance of procedures required by law; and not in accordance with law in violation of W.S. § 16–3–114(c)(ii) (1997)[?]

2. Is the Commission's Order: unsupported by substantial evidence in violation of W.S. § 16–3–114(c)(ii) (1997)[?]

Appellee Forest B. Dunning raises the following additional issues:

3. Should the allegations set forth for the first time in the Appellant's Petition for Review, and the corresponding documents, which were never presented to either the viewers and appraisers of the County Commissioners, be disregarded by the Court?

4. Should Respondent Forest Dunning be awarded attorney's fees for this appeal?

## FACTS

In 1995, Dunning petitioned to establish a private road for entry to his property in Sheridan County, pursuant to Wyo. Stat. Ann. § 24–9–101(Michie 1997).[1] After proper notice to all with an interest in the lands over which the proposed road would cross, several landowners objected to the proposed location of the road. Kiewit, the owner of a

1. § 24–9–101. Petition; hearing; appointment of viewers and appraisers.

Any person whose land has no outlet to, nor connection with a public road, may apply in writing to the board of county commissioners of his county for a private road leading from his premises to some convenient public road. At least sixty (60) days prior to applying to the board, the applicant shall give notice in writing to the owner, resident agent or occupant of all lands over which the private road is applied for, of his intent to apply for a private road. If the owner of the land is a nonresident, and there is no resident agent upon which personal service can be had, then the notice may be published once a week for three (3) weeks in a newspaper published in the county. The last publication shall be at least thirty (30) days before the hearing of the application. At the hearing, all parties interested may appear and be heard by the board as to the necessity of the road and all matters pertaining thereto. Upon the hearing of the application, whether the owner or others interested appear or not, if the board finds that the applicant has complied with the law and that the private road is necessary, the board shall appoint three (3) disinterested freeholders and electors of the county, as viewers and appraisers, and shall cause an order to be issued directing them to meet on a day named in the order on the proposed road, and view and locate a private road according to the application therefor, and to assess damages to be sustained thereby. If for any reason the viewers and appraisers are unable to meet at the time set by the board to view the proposed road, they may fix some other date, but shall give notice in writing to the owner, resident agent or occupant of the lands over which the road is proposed to be laid of the time and place where the viewers will meet, at least ten (10) days before viewing the road, at which time and place all persons interested may appear and be heard by the viewers. Before entering upon their duties the viewers shall take and subscribe to an oath that they will faithfully and impartially perform their duties under their appointment as viewers and appraisers. The viewers shall then proceed to locate and mark out a private road in accordance with the application or in such other manner and location they deem appropriate, provided the location of the road shall not be marked out to cross the lands of any person whose lands were not described in the application and who was not given notice of the application. The proposed road shall not exceed thirty (30) feet in width from a certain point on the premises of the applicant to some certain point on the public road, and shall be located so as to do the least possible damage to the lands through which the private road is located. The viewers shall also at the same time assess the damages sustained by the owner over which the road is to be established and make full and true returns, with a plat of the road to the board of county commissioners.

coal haul road easement on one of the properties over which the proposed road would travel, received proper notice of Dunning's petition. Even so, Kiewit made no objection to the location of the road, and took no part in the subsequent contested case hearing.

On completion of the contested case hearing, the Board denied Dunning's petition, and Dunning appealed the Board's decision. Ultimately, in *Dunning v. Ankney*, 936 P.2d 61 (Wyo.1997), we held that Dunning was not required to provide notice to all landowners possessing property adjoining the land affected by the proposed road in order to present his petition in good faith. *Id.* at 66. We reversed the Board's order and remanded the matter for further consideration.

Prior to further Board action, all objecting parties reached a satisfactory resolution of the issues between them. Pursuant to Wyo. Stat. Ann. § 24–9–101, viewers and appraisers were appointed to determine the precise location of the road and the amount of any damages to the remaining interested parties. In accord with the statutory procedures, Kiewit received proper notice of the date on which the properties would be viewed but again chose to forego participation.

The documented costs of the viewers and appraisers indicate that they collectively considered comparable values and drafted written findings for the Board. The findings stated that the damages to the landowners who had not reached a previous agreement with Dunning were minimal because the road was previously improved and in use. However, due to the extension of the width of the road, the viewers recommended damages to Kiewit in the amount of $537.10, and to the remaining property owners the amounts of

$668.10 and $98.40, respectively. Kiewit received notice of the contents of the final findings and report submitted to the Board, but made no objection to the viewers and appraisers.

As required by statute, the Board considered acceptance of the final findings and report at its next meeting. No written objection to the report was filed, nor were any objections voiced at the Board meeting. Absent opposition, the Board adopted the final findings and report of the viewers and appraisers, and approved the private road conditioned on Dunning's payment of damages and costs.

Kiewit filed an appeal of the Board's Order in the district court of the Fourth Judicial District, claiming it was adversely affected by the Order because the damages awarded were insufficient. Kiewit requested the matter be returned to the Board because the Order failed to set forth separate findings of fact and conclusions of law, pursuant to the mandates of the Wyoming Administrative Procedure Act, Wyo. Stat. Ann. § 16–3–110[2], and that the damages were not supported by substantial evidence, in violation of Wyo. Stat. Ann. § 16–3–114(c)(ii)(A).[3] The case was then certified to this Court pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

When reviewing cases which have been certified to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the court of first instance. *Scott v. McTiernan*, 974 P.2d 966 (Wyo.1999). As an initial matter, we determine *de novo* whether

---

2. § 16–3–110. Contested cases; final decision; contents; notification.

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Parties shall be notified either personally or by mail of any decision or order. A copy of the decision or order shall be delivered or mailed forthwith to each party or to his attorney of record.
Wyo. Stat. Ann. § 16–3–110 (Michie 1997).

3. That statute requires reviewing courts to hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

. . . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
Wyo. Stat. Ann. § 16–3–114(c)(ii)(A)(E) (Michie 1997).

the appeal is properly before this Court, and, if judicial review of the agency action is appropriate, we apply the standards articulated in Wyo. Stat. Ann. § 16–3–114(c)(Michie 1997):

> We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable person might accept in support of the conclusions of the agency. It is more than a scintilla of evidence.

*Snyder v. State ex rel. Wyoming Worker's Compensation Div.*, 957 P.2d 289, 292–93 (Wyo.1998) (quoting *Aanenson v. State ex rel. Worker's Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992)). An agency's conclusions of law will be affirmed only if they are in accordance with law. *Id.*

## DISCUSSION

■ As a threshold matter, we address Dunning's assertion that this appeal is not properly before this Court because Kiewit failed to participate in the proceedings before the Board. Kiewit counters that Wyo. Stat. Ann. § 24–9–103 provides a statutory right of appeal which does not require a person to be a party in the Board's proceedings. Wyo. Stat. Ann. § 24–9–103 (Michie 1997) provides:

> Any person aggrieved by the action of the board or as to the amount of damages awarded, may appeal to the district court at any time within thirty (30) days after said road is finally established by said board of county commissioners.

Kiewit contends that the Board was statutorily required to assess damages before approving the road. Therefore, this issue was presented to the Board, and the only requirement to perfect review of the adequacy of damages is a timely filing of appeal. While persuasive at first glance, this argument ignores the requirement that Kiewit must be

"aggrieved by the action of the board." Kiewit has failed to properly present any evidence that it was aggrieved by the Board's actions.

While it is clear that the issue of damages was before the Board, it is equally apparent that Kiewit did not inform the Board that the amount of damages was inadequate or unjust in any way. The Board made its decision only after the opportunity to object was afforded to all interested persons for a final time, and no facts were presented which would place the conclusions of the viewers and appraisers into question. It is only in its petition for review that Kiewit attempts to present facts which allegedly illustrate that the Board's order adversely affected Kiewit. However, Kiewit's attempts to create a factual dispute are too late.

Fairness to both the petitioner and the Board of Commissioners dictates that Kiewit's challenge be first presented to the Board of Commissioners, and that Kiewit place in the record evidence to support its position before it can seek judicial review. *Wyoming Board of Equalization v. State ex rel. Basin Electric Power Cooperative*, 637 P.2d 248, 254 (Wyo.1981). As early as 1905, this Court premised the constitutionality of the statutes governing the establishment of roads on proper notice to the affected landowners.[4] *Sterritt v. Young*, 82 P. 946, 14 Wyo. 146 (Wyo.1905). In *Sterritt*, we stated, "[t]hat the owner of property taken from him by virtue of the right of eminent domain is entitled to notice and an opportunity to be heard upon the question of the amount of his compensation can hardly be questioned." *Sterritt*, 82 P. at 947. The responsibility to provide adequate notice to interested parties is found throughout the subsequent case law addressing the establishment of a private road. *Martens v. Johnson County Board of Commissioners*, 954 P.2d 375, 380 (Wyo. 1998); *Carney v. Board of County Commissioners of Sublette County*, 757 P.2d 556, 559–560 (Wyo.1988); *Gold v. Board of County Commissioners of Teton County*, 658 P.2d 690, 695–696 (Wyo.1983).

---

4. Whether Kiewit, as an owner of an easement, is a "landowner" within the meaning of the statute is not before us on appeal.

With the right to notice, however, comes the obligation of the party to present its case to the sitting board of commissioners. For example, in *Gold,* where the petitioner challenged the due process afforded by Wyo. Stat. Ann. § 24–9–101, we stated, "Appellants, having been given the opportunity, failed to object and they cannot now be heard to successfully complain." *Gold,* 658 P.2d at 696. Thus, despite the seemingly permissive language providing that persons, rather than parties, may bring an appeal, there is an obligation squarely placed upon one afforded sufficient notice to first present any objections to the Board, and it is firmly rooted in precedent.

■ This obligation is logical and consistent with the basic rule that questions should first be presented to the ultimate fact finder before seeking judicial review. Wyo. Stat. Ann. §§ 24–9–101 through 24–9–103 (Michie 1997) "grant the power and authority to establish a private road to the county commissioners in the respective counties." *Bush v. Duff,* 754 P.2d 159, 164–65 (Wyo.1988). In *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974), we stated:

For a reviewing court to reach an asserted proposition of an appellant the issue must have been raised for decision before the administrative body or administrator responsible for the decision. This is admirably expressed by the United States Supreme Court in the case of *United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 73 S.Ct. 67, 68–69, 97 L.Ed. 54, where it is said:

'We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that **objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the court.** * * *'

(Emphasis added.) Furthermore, objections must have particularity so as to properly identify the question and to give notice of the contention. *Matter of Town of Greybull,* 560 P.2d 1172, 1179 (Wyo.1977), (citing *National Labor Relations Board v. Seven–Up Bottling Co.,* 344 U.S. 344, 73 S.Ct. 287, 290–291, 97 L.Ed. 377).

Not only has Kiewit failed to create a factual dispute before the Board, it has also failed to present additional facts to an appellate court which would show that "the additional evidence is material, and **good cause** for failure to present it in the proceeding before the agency existed." W.R.A.P. 12.08 (emphasis added). W.R.A.P. 12.08 provides:

If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, and it is shown to the satisfaction of the court the additional evidence is material, and good cause for failure to present it in the proceeding before the agency existed, the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court. The agency may adhere to, or modify, its findings and decision after receiving such additional evidence, and shall supplement the record to reflect the proceedings had and the decision made. Supplemental evidence may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision. In all cases other than contested cases, additional material evidence may be presented to the reviewing court.

Kiewit did not apply for leave to present additional evidence and has not provided any good cause for its failure to present the allegations contained in its petition for review to the Board. Without record evidence before the Board, Kiewit failed to create any basis upon which a reviewing court could find Kiewit adversely affected or aggrieved by the Board's decision, a threshold requirement under Wyo. Stat. Ann. § 24–9–103. *See also* Wyo. Stat. Ann. § 16–3–114(b)[5]. Without

---

5. Further, Wyo. Stat. Ann. § 16–3–114(b)(Michie 1997) states:

(b) The supreme court's authority to adopt rules governing review from agencies to the district courts shall include authority to determine the content of the record upon review, the pleadings to be filed, the time and manner for filing the pleadings, records and

some record before the agency or the court, we will not assume that the Board's actions caused an adverse effect. Since Kiewit failed to take the opportunity to present its objections to the Board and failed to properly supplement the record, it cannot now demonstrate that it is an aggrieved person entitled to appeal. Therefore, this appeal is dismissed.

As a final matter, Dunning has requested that we award him attorney's fees on appeal pursuant to W.R.A.P. 10.05. We find that Kiewit filed briefs sufficiently addressing a valid legal question, and therefore, decline to do so.

## CONCLUSION

To appeal the Board's actions under Wyo. Stat. Ann. § 24–9–103, the petitioner must be aggrieved by the action of the Board. When interested parties having notice pursuant to Wyo. Stat. Ann. § 24–9–101 fail to present objections to the Board prior to seeking judicial review and fail to show good cause for this omission, we have no basis on which to find that the party is, in fact, aggrieved by the Board's actions. Because Kiewit deprived the Board of the opportunity to correct unsubstantiated conclusions, if any existed, and failed to establish any proper record as to the adverse effect of the Board's decision on Kiewit, this appeal is dismissed.

other documents **and the extent to which supplemental testimony and evidence may be taken or considered by the district court. The rules adopted by the supreme court under this provision may supersede existing statutory provisions.**
(Emphasis added.)

At the time our rule regarding supplementary evidence was adopted, Wyo. Stat. Ann. § 24–9–103 governing Kiewit's statutory right of appeal was in existence. Thus, to the extent that our rules requiring Kiewit's presentation of evidence to the Board may conflict with this statutory right of appeal, the Rules take precedence pursuant to Wyo. Stat. Ann. § 16–3–114(b).