Douglas BRANDT, Park County Assessor,
Appellant (Petitioner),

v.

TCI CABLEVISION OF WYOMING,
Appellee (Respondent),

and

Wyoming State Board of Equalization,
Appellee (Intervenor).

No. 93–183.

Supreme Court of Wyoming.

April 22, 1994.

John O. Housel, Park County Atty., Cody, for appellant.

John R. Perry of Goddard, Perry & Vogel, Buffalo, for appellee TCI Cablevision of Wyoming, Inc.

Thomas D. Roberts, Sp. Asst. Atty. Gen., Cheyenne, for appellee Wyoming State Bd. of Equalization.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellant, the Park County Assessor, appeals a decision of the Wyoming State Board of Equalization reversing the Park County Board of Equalization's determination that the assessor properly valued, for 1992 ad valorem tax purposes, the property of appellee, TCI Cablevision of Wyoming, Inc. (TCI).

We hold appellant lacks standing to appeal a decision of the Wyoming State Board of Equalization and thus dismiss the appeal.

## ISSUES

Appellant presents the following issues for our review:

I. Whether the [State Board of Equalization] did not properly apply W.S. 18–3–204(a)(ii) (Supp.1992) in limiting Appellant's authority to properly establish the fair market value of Respondent TCI's personal property within Park County, Wyoming.

II. Whether the [State Board of Equalization] incorrectly ruled that Appellant has only limited statutory authority to use "best information available" assessment practices in the circumstances of this case.

III. Whether the [State Board of Equalization] encroached upon Appellant's statutorily mandated duty to establish fair market value of Respondent TCI's personal property according to established assessment practices.

IV. Whether the [State Board of Equalization] did not properly apply Sec. 3(a), Chapter 73, Session Laws of Wyoming, 1988 to the facts in this case as determined to be supported by substantial evidence by the Park County Board of Equalization.

V. Whether the [State Board of Equalization] ignored and improperly rejected the substantial, credible and relevant evidence which the Park County Board of Equalization relied upon to support its decision of October 20, 1992.

Appellee TCI rephrases the issues as:

1. May an Assessor unilaterally impose reporting requirements and personal property valuation methodologies on taxpayers within his county, even though those reporting requirements and methodologies are not authorized by statutes or approved by the State Board of Equalization?

2. May an Assessor unilaterally impose a Best Information Available (BIA) Assessment on the personal property of a property owner/taxpayer if the property owner/taxpayer has made the proper filing required by statute and regulation?

3. Did the State Board of Equalization properly apply the 25% valuation increase limitation contained in Section 3, Chapter 73, S.L.1988?

4. Is there substantial evidence to support the decision of the State Board of Equalization?

5. Were the actions of the County Assessor contrary to the uniform and equal provisions of the Wyoming and United States Constitution; and/or the First Amendment to the United States Constitution and Article I, Section 20 of the Wyoming Constitution?

The State Board of Equalization was granted leave to intervene, presenting these issues:

1. Is the decision of the Wyoming State Board of Equalization on review of a Park County Board of Equalization decision, unlawful pursuant to W.S. 16–3–114(c) (1977 as amended)?

2. Has the Wyoming State Board of Equalization properly applied Chapter 73, Session Laws of Wyoming 1988, in reviewing the change in assessed value for the property of TCI between 1991 and 1992?

Following an order granting the State Board of Equalization's motion for leave to intervene, this court directed the parties to brief two additional issues. Those issues concern the authority of the county assessor to seek judicial review, including who ought properly to be the appellant in such a review if the county assessor lacks such authority and, additionally, what role, if any, the Wyoming State Board of Equalization should play in an appeal such as this.

### FACTS

TCI owns three cable television systems in Park County. On May 12, 1992, the Park County Assessor sent to TCI its annual assessment of TCI's property. On June 4, 1992, TCI appealed the assessment to the Park County Board of Equalization (County Board), objecting to the valuation methodology employed by the assessor. The County Board upheld the assessor's valuation of TCI's property, and on November 19, 1992, TCI appealed the County Board's decision to the Wyoming State Board of Equalization (State Board). The State Board vacated the decision of the County Board and remanded

for revaluation and assessment of TCI's property for the 1992 tax year.

On August 16, 1993, the Park County Assessor filed a *Petition for Review* in district court. On September 1, 1993, the district court, in accordance with WYO.R.APP.P. 12.-09(b), certified the case to this court for review.

## DISCUSSION

"The right to judicial review of administrative decisions is entirely statutory, and agency actions are not reviewable absent statutory authority." *Casper Iron & Metal, Inc. v. Unemp. Ins. Comm'n,* 845 P.2d 387, 391 (Wyo.1993) (quoting *Sellers v. Employment Sec. Comm'n of Wyo.,* 760 P.2d 394, 395 (Wyo.1988)). WYO.STAT. § 39-1-306 (1990) outlines who may appeal decisions of the State Board of Equalization. It provides:

> Any person including the state of Wyoming aggrieved by any order issued by the board, or any county board of equalization whose decision has been reversed or modified by the state board of equalization, may appeal the decision of the board to the district court of the county in which the property or some part thereof is situated.

Appellant contends that, as county assessor, he is an aggrieved person within the meaning of the statute and therefore has standing to seek review. We disagree. *Person* is defined at WYO.STAT. § 39-1-101(a)(xiii) (1990) to mean

> an individual, partnership, corporation, company or any other type of association and any agent or officer of any partnership, corporation, company or other type of association.

■ Appellant sought review of the State Board's decision in his official capacity as Park County Assessor, not as an individual. A county officer is not included in the definition of *person* set forth above, and the plain language of WYO.STAT. § 39-1-306 does not otherwise provide the county assessor with a right of appeal from the State Board's decision.

■ Appellant next asserts the Wyoming Administrative Procedure Act (WAPA) pro-

vides him with the right to seek judicial review. WYO.STAT. § 16-3-114(a) (1990) provides, in part:

> [A]ny person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review * * *.

WAPA defines a *person* as

> any individual, partnership, corporation, association, municipality, government subdivision or public or private organization of any character *other than an agency.*

WYO.STAT. § 16-3-101(b)(vii) (1990) (emphasis added).

An *agency* is defined as

> any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary.

WYO.STAT. § 16-3-101(b)(i).

Appellant contends he is a person aggrieved or adversely affected consistent with the above definitions, because he is both an individual and a governmental subdivision. We reject both contentions.

The plain language of the definition assigned the term *person* excludes appellant from that classification. The term is defined to specifically exclude agencies. The term *agency* includes county officers, and the county assessor is a county officer. *See* WYO. STAT. § 18-3-102(a)(i) (1977 & Supp.1993), which includes county assessors within the list of county officers required to execute bonds.

WYO.R.APP.P. 12 provides the same right to judicial review of administrative action as WAPA, and is therefore of no assistance to appellant. *See* WYO.R.APP.P. 12.01 and 12.02.

■ We find our conclusion that appellant lacks standing to seek judicial review of a State Board decision supported by WYO.STAT. § 39-2-302(e) and the legislature's statement of its purpose for enacting that provision and WYO.STAT. § 39-1-306. We set forth above the language of § 39-1-306 and concluded it

does not afford a county assessor the right to seek judicial review of a decision by the State Board. WYO.STAT. § 39–2–302(e) provides, "A county assessor may appeal any decision or order of the county board of equalization to the state board of equalization."

In enacting subsection (e) the legislature clarified that it did not intend for county assessors to have the right of appeal from State Board decisions. The enacting clause reads:

AN ACT to amend W.S. 39–1–306 and 39–2–302 by creating a new subsection (e) relating to property taxation; clarifying that county boards of equalization may appeal decisions of the state board of equalization; providing that county assessors may appeal decisions of the county boards of equalization; and providing for an effective date.

1986 WYO.SESS.LAWS, ch. 7 § 1.

## CONCLUSION

Having found no statutory authority granting appellant the right to seek review of a Wyoming State Board of Equalization decision, we dismiss the appeal for lack of standing.