**John LINDT and Gladys Lindt, Appellants (Respondents),**

v.

**Edward F. MURRAY, Jr. and William J. Edwards, Appellees (Petitioners).**

**No. 94–160.**

Supreme Court of Wyoming.

May 17, 1995.

Robert T. Moxley of Gage & Moxley, Cheyenne, for appellants.

John B. Rogers of Rogers, Blythe & Lewis, Cheyenne, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review an order of the district court which affirmed the action of the Board of Commissioners of Laramie County (Board) establishing a private road and assessing damages.

We reverse and remand for an amended determination of damages, but otherwise affirm.

Appellants, John and Gladys Lindt (Lindts), have set out a detailed statement of their issues:

I. Is the county commissioner's grant of a private road, upheld by the district court, contrary to law?

A. Does the administrative determination of the Laramie County Commissioners (hereinafter the "Board") fail for lack of jurisdiction, in that the private road petitioners * * * did not prove the jurisdictional fact of being "landlocked?"

B. In the absence of necessity for a private road, i.e., where the private road applicants already had a legally enforceable access, is the private road statute * * * unconstitutional as applied to Appellants * * *?

C. Have the Appellees * * * failed to pursue their appropriate remedy, by failure to perfect legal proceedings to obtain recognition of their preexisting access to the North, which they have stated to be "preferable?"

D. Did the Board * * * commit prejudicial and reversible legal error in the private road action below, by failing to join the landowners to the North, over whose land the private road applicants had a prior vested right to an easement (sometimes known as a way of necessity) by implication?

II. Has the district court committed legal error in its articulation of the standard to be applied by the Board * * *, in the assessment of reasonable damages for the taking of a private road?

A. Should this court reinstate the previous award granting damages in the amount of $33,600.00, which the District Court reversed, because there was no error in the award?

B. Did the Board * * *, on remand from the District Court, violate the law of the remand order by awarding only the "per-acre value" ($436) of the land taken in the grant of the private road petition, without consideration of other items of damage?

C. Did the District Court err, in first remanding for a damages determination under a different legal standard, and then in upholding a determination which did not apply the different standard?

III. Is the modified private road order herein on appeal void for lack of subject-matter jurisdiction in the tribunals below?

A. Did this court have the power *sua sponte* to revive the instant action, which had been appealed, cross-appealed, and dismissed by both parties?

B. As an "agency" with severely limited jurisdiction, may a Board of County Commissioners issue a valid order without the articulation of the underlying jurisdiction and jurisdictional facts?

C. Should the unappealed prior damages award of $33,600 be reinstated as a final and unappealed order?

IV. Is there a basis in law or fact for the award of attorneys fees made below to the appellees?

A. Was it necessary for the Appellants to perfect the issues presented herein, via the second appeal of this action to the District Court?

B. Did the second appeal of this matter to the District Court have a reasonable basis in law and fact?

Appellees, Edward F. Murray and William J. Edwards (Murray and Edwards), rephrase those issues, thus:

A. Whether a petitioner for a statutory way of necessity pursuant to W.S. 24–9–101 *et seq.* is required, as a condition precedent to the statutory remedy, to first proceed in a civil action to enforce an alleged implied easement?

B. Whether the Laramie County Commissioners correctly concluded that appellees * * * were persons whose land had no outlet to, nor connection with, a public road and that a private road was necessary?

C. Whether the factual findings of the Laramie County Commissioners were supported by substantial evidence?

D. Whether there are jurisdictional defects in the proceedings before either the Laramie County Commissioners or the reviewing courts?

E. Whether the Laramie County Commissioners on remand correctly determined damages based upon the fair market value of the land being taken?

F. Whether the district court correctly assessed costs, including attorney's fees, against appellants?

In their reply brief, the Lindts offer this additional set of questions:

I. Should this court repeal the case law requirement that a private road petitioner must show himself to be without "legally enforceable" access?

II. Is the question of "necessity" a question of fact or a question of law?

III. What deference, if any, does this court owe to the legal rulings of the tribunals below?

IV. Can the previous denial of an extraordinary writ by this court be seen as an adjudication on the merits? [1]

V. Can the damages rule used below be correct when it ignores damages to the land not taken?

VI. Can the "conclusive" ruling of the most inferior tribunal—the Board of County Commissioners—be made the basis for the argument that this appeal was without a good faith basis?

Pursuant to Wyo.Stat. §§ 24–9–101 –104 (1993), Murray and Edwards initiated the process to obtain a private road in October 1987. By order dated August 15, 1988, the Board determined Murray and Edwards were entitled to such a road and assessed damages at $33,600. Murray and Edwards sought review in the district court and the Lindts cross-petitioned. On July 25, 1989, Murray and Edwards asked that their petition for review be dismissed because there had been "substantial changes" in their plans for use of their land and their "current plans for use of their property suggests that access from the North would be preferable to access from the South." The Lindts voiced no objection to dismissal of the petition for review and the district court entered an order to that effect on August 1, 1989. Murray and Edwards then sought to establish a common law "way of necessity" across the lands of the party from whom they had acquired their land-locked property. On appeal, we held

---

1. The answer to this question is, of course, no.

that an action for a common law way of necessity was no longer available because it had been supplanted by the private road statute. *Ferguson Ranch, Inc. v. Murray*, 811 P.2d 287, 290 (Wyo.1991).

As a part of our decision in *Ferguson*, we directed that the petitions for review which the district court had dismissed could be reinstated. *Ferguson*, 811 P.2d at 291. Within the time allowed by our decision, the Lindts, as well as Murray and Edwards, reinstated their petitions for review. The district court affirmed that portion of the Board's order which found that a road should be established, but remanded for a new hearing on the issue of damages.

On April 2, 1993, the Board issued an amended order which revised the damages for the private road to $436.00. By petition filed on April 23, 1993, the Lindts sought review of that order in the district court. The district court affirmed; this appeal followed.

The foundation for our examination of the issues presented is found in WYO.STAT. § 24–9–101 (1993):

> Any person whose land has no outlet to, nor connection with a public road, may apply in writing to the board of county commissioners of his county for a private road leading from his premises to some convenient public road. * * * At the hearing, all parties interested may appear and be heard by the board as to the necessity of the road and all matters pertaining thereto. Upon the hearing of the application, whether the owner or others interested appear or not, if the board finds that the applicant has complied with the law and that the private road is necessary, the board shall appoint three (3) disinterested freeholders and electors of the county, as viewers and appraisers, and shall cause an order to be issued directing them to meet on a day named in the order on the pro-

posed road, and view and locate a private road according to the application therefor, and to assess damages to be sustained thereby. * * * The proposed road shall not exceed thirty (30) feet in width from a certain point on the premises of the applicant to some certain point on the public road, and shall be located so as to do the least possible damage to the lands through which the private road is located. The viewers shall also at the same time assess the damages sustained by the owner over which the road is to be established and make full and true returns, with a plat of the road to the board of county commissioners.[2]

■ The Lindts' first argument is that the existence of a potential claim for an implied easement across the lands of Ferguson Ranch requires a finding that a private road across the Lindts' land is not "necessary." We decline to so hold, recognizing there is authority to the contrary. Although decided in a somewhat different context, we have held that convenience and reason should prevail in the establishment of roads, which was, in our view, what the legislature intended when it enacted the private road statute. See *McGuire v. McGuire*, 608 P.2d 1278, 1286 (Wyo.1980); JON W. BRUCE AND JAMES W. ELY, JR., *The Law of Easements and Licenses in Land*, ¶ 4.02[4], pp. 4–30—4–32 (1995). We also hold that there is substantial evidence, given our holding above, to support the Board's finding that a private road was necessary and its location is convenient, as well as the least damaging to the Lindts.

■ The Lindts contend the lower tribunals should have considered the potential remedy of an implied easement in weighing the question of necessity. Our holding above disposes of that contention, *i.e.*, the potential remedy of an implied easement is not rele-

---

2. Although some of the notice and procedural requirements of this statute have been changed (in 1901 and 1985), the gist of the private road statute has remained the same since its passage in 1895. We have had cause to review proceedings under this statute in only a handful of cases, although it is apparent that the procedure is used with considerable frequency. It is obvious that

this statute is not up to its assigned task. Legislative reassessment is imperative. A review of similar statutes in other states, *e.g.*, NEB.REV.STAT § 39–1713 –1731 (1993), reveals that Wyoming needs a statute capable of dealing with the complexities associated with development and progress in an essentially rural state.

vant to the determination of whether a private road is necessary.

 The Lindts contend the Board failed to ascertain facts essential to exercise of its authority under the private road statute. In particular, they assert the Board failed to even consider a route located in Albany County. The statute does not require that alternative routes in an adjoining county be considered and we find no error.

The Lindts challenge our remand, or perhaps "resuscitation," of the parties' appeal from the Board to the district court and ask that we utilize our supervisory powers to compel adjudication of the quiescent implied easement. In view of our holdings above, we decline to provide such relief.

 The Lindts claim the damage award is improper. It is evident from the proceedings before the Board that the directions given the Board by the district court in its remand order were not observed or understood. Therefore, we remand to the district court with directions that the district court remand to the Board and the Board reassemble the viewers and appraisers, or if necessary a different body of viewers and appraisers, and those viewers and appraisers assess damages as follows: (1) determine the value of the entirety of the Lindts' affected land before the private road was established; then, (2) determine the value of the Lindts' remaining land after the private road is in place; (3) subtract the "after" value from the "before" value, which then equals the damages due the Lindts. *Coronado Oil Co. v. Grieves*, 642 P.2d 423, 433 (Wyo.1982); and *see generally Mettee v. Kemp*, 236 Kan. 781, 696 P.2d 947, 949 (1985) (discussing Kansas statute which enumerates factors which may be considered in the "before-after" analysis).

Under the circumstances of this case which involves complex and troublesome questions of fact and law [3], and especially in view of our decision to remand for a proper determination of damages, we vacate the district court's assessment of attorney's fees against the Lindts. We do not agree with the district court's conclusion that there was no reasonable cause for the Lindts' appeal. Wyo.R.App.P. 10.05 (1992).

The case is remanded to the district court for the purpose set out above. In all other respects, the order of the district court and the decision of the Board is affirmed.

---

**3.** *See* Vance T. Countryman and Drew A. Perkins, Comment, *Death of the Dark Ages? The Troubled* *Law of Easements in Wyoming*, XXVII Land & Water L.Rev. 151 (1992).